KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Hammersley, | No.  CV 14-00045-PHX-DGC (SPL) |
| Petitioner, | |
| vs. | **ORDER** |
| Micki McCafh, et al., | |
| Respondents. | |

Petitioner Robert Hammersley, who is currently on probation in Wisconsin, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will grant the Application to Proceed *In Forma Pauperis* and require an answer to the Petition.

**I.     Petition**

Petitioner was convicted in San Luis Municipal Court, case #TR2001011991, of Driving Under the Influence, Driving on a Revoked License, and Failure to Appear, and was sentenced to a term of imprisonment of 9 months and 1 day.[1]  Petitioner names Wisconsin Department of Corrections Regional Chief Micki McCafh, the Arizona Attorney General, and the San Luis Municipal Court as Respondents.

---

[1] Although Petitioner's sentence has expired, an exception to the "in custody" requirement for habeas relief exists where a petitioner alleges the expired conviction was rendered in violation of his right to counsel and where that conviction is used to enhance his sentence.  *Custis v. U.S.*, 511 U.S 485, 496 (1994); *Burget v. Texas*, 389 U.S. 109, 115 (1967).

TERMPSREF

Petitioner raises four grounds for relief:

(1) Petitioner is actually innocent of Driving Under the Influence;

(2) Petitioner was denied his Sixth Amendment right to counsel because he "was convicted and sentenced to imprisonment without an attorney, no prosecutor, no valid waiver of counsel on the record, and [] was not physically present at any proceeding";

(3) Petitioner's current sentence is enhanced by his wrongful conviction; and

(4) Petitioner's claims are not barred by the statute of limitations.

It is unclear whether Petitioner's claims have been exhausted in state court. However, even if the exhaustion requirement has not been met, it appears that any unexhausted claims may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred). The Court will therefore require Respondents McCafh and the Arizona Attorney General to answer the Petition. 28 U.S.C. § 2254(a).

**II.   Dismissal of Respondent San Luis Municipal Court**

The San Luis Municipal Court is not a proper Respondent and will be dismissed. *See Belgarde v. State of Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997) (a petitioner for habeas corpus relief under § 2254 must name the state officer having custody of him as a respondent).

**III.   Warnings**

  **A.   Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Respondent San Luis Municipal Court is **dismissed** without prejudice.

(2) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(3) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(4) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

TERMPSREF

(5)  Petitioner may file a reply within 30 days from the date of service of the answer.

(6)  This matter is referred to Magistrate Judge Steven P. Logan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 9th day of May, 2014.

_____
David G. Campbell
United States District Judge