# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Hammersley, | No. CV-14-0045-PHX-DGC (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Micki McCath, | |
| Respondents. | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

Petitioner Robert Hammersley has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.   SUMMARY OF CONCLUSION**

In 2003, Petitioner pleaded guilty to a misdemeanor Driving Under the Influence (DUI) in the San Luis Municipal Court. During a telephonic hearing, Petitioner waived his right to counsel. He also submitted a signed, notarized waiver of counsel form.

In 2010, Petitioner was convicted in Wisconsin of felony Operating While Intoxicated (OWI) and sentenced to three years imprisonment and three years extended release. Petitioner alleges the sentence was enhanced by the 2003 DUI conviction.

Petitioner waived his right to counsel in 2003, so his collateral attack of the conviction based upon a failure to appoint counsel fails. He does not satisfy an exception to the in-custody requirement, therefore, the Court lacks subject matter jurisdiction.

## II. BACKGROUND

### A. FACTS AND PROCEDURAL HISTORY

#### 1. Facts of the Case

On October 1, 2001, Petitioner was cited for driving under the influence and driving on a revoked license, both class 1 misdemeanors. (Doc. 22, Ex. B.) On October 29, 2001, the San Luis Municipal Court issued a warrant for Petitioner's failure to appear in court. (Doc. 22, Ex. A.) On August 26, 2003, Petitioner notified the municipal court that he wished to plead guilty. (Doc. 22, Ex. L.) Petitioner requested he be permitted to plead guilty telephonically because he lived in Wisconsin. (*Id*.)

On August 26, 2003, Petitioner pleaded guilty telephonically. The court reviewed the following forms with Petitioner: Guilty/No Contest Plea Proceeding, Waiver of Counsel, Waiver of Trial by Jury, and Right to Apply for Post-Conviction Relief and to Set Aside Judgment of Guilt. (Doc. 22, Exs. C, D, E, F, and L.) The Court accepted his plea of guilty and waiver of counsel. (Doc. 22, Exs. C, D.)

On October 29, 2003, the municipal court received Petitioner's paperwork, which had been signed by Petitioner in front of Terri A. Berth, a notary public in the state of Wisconsin. (*Id*.) These forms included the "Waiver of Counsel" form. (Doc. 22, Ex. D.) For the DUI conviction, the court sentenced Petitioner to one day of jail, with nine days suspended, participation in an alcohol screening program, and a $1,216 fine. (Doc. 22, Exs. A, G.)

Petitioner is not in custody for this 2003 offense.

#### 2. Wisconsin Felony Conviction

On October 21, 2008, Petitioner was charged in the State of Wisconsin with operation of vehicle while intoxicated. (Doc. 22, Ex. H.) The State alleged Petitioner had five prior OWI convictions. (*Id*.) Petitioner was found guilty at a jury trial on April 27, 2010. (Ex. I.) On June 17, 2010, the trial court sentenced Petitioner to three years of imprisonment to be followed by three years of extended supervision. (*Id*.) Petitioner's discharge date is January 5, 2016. (Doc. 22, Ex. Q.)

### 3. Arizona Motion for Post-Conviction Relief

On July 2, 2011, Petitioner filed, in the San Luis Municipal Court, a "Rule 32 Of-Right Motion" for post-conviction relief. (Doc. 22, Ex. J.) Petitioner argued that his Sixth Amendment right to counsel was violated because his physical court appearance was mandatory and his waiver of counsel was not knowing and voluntary. (*Id.*)

The court denied the motion. (Doc. 22, Ex. L.) The court noted the motion was filed eight years after his guilty plea, despite the requirement that he had 90 days from the entry of judgment and sentence. (*Id.*) The court ruled that: "defendant knowingly and voluntarily plead[ed] guilty to the charges, defendant having been advised of his rights and options through telephonic proceedings and defendant having reviewed and signed all legal form in his case and knowingly, voluntarily and intelligently waiving his constitutional rights. " (*Id.*)

On October 10, 2011, Petitioner moved the trial court to reconsider/rehear his Rule 32 Of-Right Motion. (Doc. 22, Ex. M.) The court denied Petitioner's motion on November 22, 2011. (Doc. 22, Ex. N.) On December 11, 2011, Petitioner filed a motion for notice of appeal. (Doc. 22, Ex. O.) On April 4, 2012, the court denied the motion. (Doc. 22, Ex. P.)

### B. ARIZONA FEDERAL PETITION FOR WRIT OF HABEAS CORPUS

On January 9, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus. (Doc. 1.) Petitioner raises four grounds for relief. In Ground One, Petitioner alleges that he is innocent of the 2003 DUI. In Ground Two, Petitioner alleges he was denied his Sixth Amendment right to counsel because he "was convicted and sentenced to imprisonment without an attorney, no prosecutor, no valid waiver of counsel on the record, and [] was not physically present at any proceeding." (Doc. 1 at 8.) In Ground Three, Petitioner alleges his current sentence was unlawfully enhanced by his wrongful sentence. In Ground Four, Petitioner alleges his claims are not barred by the statute of limitations.

On October 22, 2014, the State filed a Response to the Petition. (Doc. 22.)

Respondent argues the Court lacks jurisdiction to rule on the Petition because Petitioner is not in custody for the 2003 conviction. Respondent also argues the Petition is not timely and the claims are procedurally defaulted.

On November 12, 2014, Petitioner filed a Reply where he reiterated the same arguments presented in the Petition. (Doc. 23.) Petitioner also argued that any procedural default be excused based upon his lack of counsel and innocence. (Doc. 23 at 12.)

### C. WISCONSIN FEDERAL PETITION FOR WRIT OF HABEAS CORPUS

On September 17, 2014, Petitioner filed Writ of Habeas Corpus in the United States District Court for the Eastern District of Wisconsin challenging three of his prior DUI/OWI convictions. *Hammersley v. McCash*, No. 14–C–1147, 2015 WL 1407391, 1 (E.D.Wis. Mar. 26, 2015). Petitioner sought "to challenge a prior conviction which was used to illegally enhance his current confinement and conviction." *Id*. The District Court noted that "relief under 28 U.S.C. § 2254 is generally unavailable to collaterally attack an expired prior conviction" unless "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id*. (*citing Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 404 (2001)). The Court found that it was undisputed that Petitioner was represented in two of the three convictions. *Id*.

The Court also addressed his San Luis DUI conviction. It stated that "Petitioner has not explained in his filings in this court why his waiver was constitutionally invalid." *Id*. The Court "conclude[d] that Petitioner has failed to state a claim in this court under *Coss* whether his waiver was valid or not." *Id*. The Court also found:

> Additionally, even if the waiver of counsel was invalid, habeas relief would still not be warranted because the penalty for fifth and sixth offense OWI was the same at the time Petitioner was convicted in 2010. *See* Wis.

Stat. §§ 346.63(1); 346.65(2)(am)5 (2007–2008).[1] Therefore, the fourth offense, the only conviction challengeable under *Coss*, would not change the result of his fifth/sixth offense.

*Id.*

### III. APPLICATION OF LAW

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

#### A. CUSTODY

##### 1. Law

This Court has jurisdiction to entertain petitions for habeas relief from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted § 2254(a) "as requiring that a habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," although he need not be physically confined to challenge a sentence on habeas corpus. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). A petitioner "who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction." *De Long v. Hennessy*, 912 F.2d 1144, 1146 (9th Cir. 1990).

Standing alone, the collateral consequences of a conviction are not sufficient to render an individual "in custody" for habeas purposes. *Maleng,* 490 U.S. at 492. "If that conviction is later used to enhance a criminal sentence, the defendant generally may not

---

[1] *See* Wis. Stat. §346.65(2)(am)5 (2007–2008): "Except as provided in pars. (f) and (g), [any person violating  s. 346.63 (1)] is guilty of a Class H felony and shall be fined not less than $600 and imprisoned for not less than 6 months if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations and other convictions counted under s. 343.307(1), equals 5 or 6, except that suspensions, revocations or convictions arising out of the same incident or occurrence shall be counted as one."

challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackwanna County*, 532 U.S. at 403-404.

An exception to the "in-custody" rule exists for a prior conviction that was "obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." *Id.* at 404. *See also*, *Custis v. United States*, 511 U.S 485, 496 (1994). "When an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Lackwanna County*, 532 U.S. at 405.[2]

"[I]t is the defendant's burden in a collateral attack on an uncounseled conviction to prove that he did not competently and intelligently waive his right to the assistance of counsel." *United States v. Lenihan*, 488 F.3d 1175, 1177 (9th Cir. 2007) (relying on *Iowa v. Tovar*, 541 U.S. 77 (2004)).

### 2. Application

Petitioner does not establish there was a failure to appoint counsel in his San Luis DUI case. On August 26, 2003, the trial judge held a telephonic hearing with Petitioner. (Doc. 22, Exs. L, N.) The court reviewed the Waiver of Counsel form with Petitioner. (Doc. 22, Ex. D.) The form advised Petitioner of the charges, his "right to be represented by an attorney at all critical stages of this criminal case," that counsel would be appointed without cost to Petitioner if appropriate, and the potential for imprisonment and a fine upon a finding of guilty. (*Id.*) The final line of the form, above Petitioner's

---

[2] Other exceptions may exist. "Alternatively, after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Lackawanna County*, 532 U.S. at 405 (citing 28 U.S.C. § 2244(b)(2)(B)). Assuming arguendo this is an exception to the "in-custody" requirement, Petitioner presents no newly-obtained evidence regarding his San Luis DUI conviction. Petitioner bears the burden of establishing subject matter jurisdiction. *See Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).

signature, stated that "[a]fter reading and understanding all of the above, I give up my right to an attorney in this case, and to have an attorney appointed for me if I cannot afford one." (*Id.*) The court and Petitioner signed this form. (*Id.*) The court found "Defendant knowingly, intelligently, and voluntarily waived his right to be represented by counsel after being advised of the right to be represented by counsel including the right to have counsel appointed free of charge if the Defendant is indigent." (Doc. 1 at 32.) Petitioner later signed the form and it was received by the court on October 29, 2003. (Doc. 22, Ex. L.)

Petitioner was not denied counsel under *Gideon*. First, and foremost, Petitioner knowingly, intelligently, and voluntarily waived his right to counsel. (Doc. 22, Ex. D.) *See Tovar*, 541 U.S. at 81 ("Waiver of the right to counsel, as of constitutional rights in the criminal process generally, must be a 'knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances.'") (citation omitted). Petitioner alleges "there was no valid waiver of counsel on the record" (Doc. 1 at 8),[3] but the record demonstrates otherwise. Petitioner signed a thorough waiver of counsel form after a hearing before the court. (Doc. 22, Exs. C, D.) Petitioner was not denied counsel. *See id.* at 87–88, 94 (noting that "the Constitution does not force a lawyer upon a defendant" and that "States are free to adopt by statute, rule, or decision any guides to the acceptance of an uncounseled plea they deem useful") (citation and internal quotations omitted).

---

[3] Petitioner's conclusory statement that there was "no valid waiver" implicates Petitioner's rights under *Faretta v. California*, 422 U.S. 806 (1975). *Lackawanna* permitted collateral attacks on prior convictions where there was a failure to appoint counsel under *Gideon*. It is arguable that Petitioner's claim fails as a matter of law because *Lackawanna* does not permit Petitioner to challenge the substance of his *Faretta* hearing and waiver. *See Sudduth v. Almager*, CV 06-07322 GPS (SS), 2008 WL 2037288, 8 (C.D. Cal. May 8, 2008) (finding petitioner's claim did not fit under *Lackawanna* because "Petitioner has not alleged that there was a complete failure to appoint counsel in the prior proceedings; rather, he alleges that he was not provided *Faretta* advisements regarding the dangers of self-representation at the time he pled guilty"). Because the record firmly establishes Petitioner waived his right to counsel, the Court does not resolve this issue.

**CONCLUSION**

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011); *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). Petitioner has not established a failure to appoint counsel in his San Luis DUI conviction. Because Petitioner cannot satisfy an exception to the in-custody requirement, the Court recommends that this case be dismissed for lack of subject matter jurisdiction. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the

findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 18th day of June, 2015.

Honorable John Z. Boyle
United States Magistrate Judge