**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Hammersley,<br><br>               Petitioner,<br><br>v.<br><br>Micki McCath, et al.,<br><br>               Respondents. | No. CV-14-00045-PHX-DGC<br><br>**ORDER** |

      In 2003, Petitioner Robert Hammersly pleaded guilty to misdemeanor driving under the influence ("DUI") in San Luis Municipal Court in Arizona. Because he resided in Wisconsin, Petitioner's plea was entered telephonically. After the plea, the Court received through the mail a notarized "Waiver of Counsel" form signed by Petitioner. Doc. 22-1 at 17.

      In October 2008, Petitioner was again charged with operating a vehicle while intoxicated, this time in Wisconsin. The State charged that Petitioner had five prior convictions for DUI, including the San Luis conviction. Petitioner was convicted after a jury trial, and received a three-year sentence. *Id.* at 30.

      In 2011, he filed a Rule 32 motion for post-conviction relief in the San Luis Municipal Court, arguing that he did not voluntarily waive his right to counsel. *Id.* at 33. The court denied the motion because the record clearly indicated Petitioner knowingly, voluntarily, and intelligently waived his right to counsel during sentencing. *Id.* at 45.

Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.

On June 19, 2015, Magistrate Judge John Boyle issued a Report and Recommendation ("R&R") finding the Court lacked subject-matter jurisdiction over Petitioner's claims because he is not "in custody" for the conviction that is the subject of collateral attack – the 2003 DUI.  Doc. 24 at 8.  Petitioner filed objections to the R&R arguing that he is innocent of the 2003 DUI conviction without providing any supporting evidence.  Doc. 25.

As Judge Boyle noted, in order for the Court to have jurisdiction over Petitioner's habeas claims, he must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1990).  An exception exists for "petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment[.]" *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 404 (2001).  Petitioner is serving a sentence for the 2008 conviction and challenges the 2003 DUI used to enhance his 2008 sentence.  He argues that he did not knowingly and intelligently waive his right to counsel in the San Luis Municipal Court, and thus falls within the exception to the "in custody" requirement.

The Court agrees with Judge Boyle that Petitioner has failed to establish that he should have been appointed counsel in the 2003 DUI conviction.  On August 26, 2003, Petitioner pled guilty to the offense telephonically, at which time the court reviewed the Waiver of Counsel form with him.  Doc. 22-1 at 44.  After entering his plea, Petitioner signed the waiver form in the presence of a notary and mailed it to the court.  The form was entitled "Waiver of Counsel" and specifically stated: "DO NOT SIGN THIS FORM IF YOU WANT AN ATTORNEY."  *Id.* at 17.  It also explained the benefits of counsel and stated: "After reading and understanding all of the above, I give up my right to an attorney in this case, and to have an attorney appointed for me if I cannot afford one." *Id.* Petitioner does not argue the form was invalid, nor does he dispute that he signed it.

In light of the undisputed record, the Court finds Petitioner knowingly, voluntarily, and intelligently waived his right to counsel in the 2003 proceedings, that the municipal court therefore did not have an obligation to appoint counsel for him, and that the exception to the "in custody" rule therefore does not apply. The Court lacks subject-matter jurisdiction over the petition.

**IT IS ORDERED:**

1. Magistrate Judge John Boyle's R&R (Doc. 24) is **accepted**.
2. Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**.
3. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).
4. The Clerk shall **terminate** this action.

Dated this 7th day of August, 2015.

David G. Campbell
United States District Judge